

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: WAL-MART WAGE AND HOUR EMPLOYMENT PRACTICES LITIGATION, | No. 11-17718 |
| | D.C. No. 2:06-cv-00225-PMP-PAL |
| CAROLYN BEASLEY BURTON; et al., | |
| Appellants, | MEMORANDUM[*] |
| v. | |
| CLASS COUNSEL AND PARTY TO ARBITRATION and ARBITRATOR, | |
| Appellees. | |

| | |
|---|---|
| In re: WAL-MART WAGE AND HOUR EMPLOYMENT PRACTICES LITIGATION, | No. 11-17778 |
| | D.C. No. 2:06-cv-00225-PMP-PAL |
| CAROL POWELL LAPLANT, | |
| Appellant, | |
| v. | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

CLASS COUNSEL AND PARTY TO
ARBITRATION and ARBITRATOR,

Appellees.

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, Senior District Judge, Presiding

Argued and Submitted October 8, 2013
San Francisco, California

Before: D.W. NELSON, M. SMITH, and IKUTA, Circuit Judges.

Appellants Carolyn Burton, Robert Mills, the Mills Law Firm, and Carol LaPlant (collectively, the Burton Group) appeal from the district court's confirmation of an arbitration award allocating attorneys' fees and denial of their motion to vacate the award under 9 U.S.C. § 10(a). In an opinion filed contemporaneously with this memorandum disposition, we hold that parties may not waive or eliminate judicial review of arbitration awards under § 10 of the Federal Arbitration Act (FAA). Accordingly, we have jurisdiction to proceed to the merits of the Burton Group's arguments concerning vacatur. Because the parties are familiar with the facts and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We affirm.

"We 'review the confirmation or vacation of an arbitration award like any other district court decision . . . accepting findings of fact that are not clearly

erroneous but deciding questions of law de novo.'" *Coutee v. Barington Capital Grp., L.P.*, 336 F.3d 1128, 1132 (9th Cir. 2003) (quoting *Barnes v. Logan*, 122 F.3d 820, 821 (9th Cir. 1997) (citations and internal quotation marks omitted)). The Burton Group has not demonstrated that any of the district court's factual conclusions are clearly erroneous, *see Turtle Island Restoration Network v. U.S. Department of Commerce*, 672 F.3d 1160, 1165 (9th Cir. 2012), nor has it shown that the district court erred with respect to matters of law.

The district court correctly concluded that the arbitrator's decision was not procured by corruption, fraud, or undue means. *See* 9 U.S.C. § 10(a)(1). The district court also correctly concluded that the arbitrator was not evidently partial or actually biased. *See id.* § 10(a)(2). As the district court found, the *Salvas* mediation and checks were disclosed and did not evidence bias, the allegedly ex parte communications were not ex parte, and the press comments did not show actual bias. The arbitrator did not exceed his arbitral jurisdiction and did not issue biased rulings. To the extent the arbitrator failed to disclose his role as arbitrator in the *Smokeless Tobacco* cases, it was a "trivial" relationship without the type of direct financial connections that raise concern and need not have been disclosed. *See Commonwealth Coatings Corp. v. Cont'l Cas. Co.*, 393 U.S. 145, 150 (1968) (White, J., concurring); *New Regency Prods., Inc. v. Nippon Herald Films, Inc.*,

3

501 F.3d 1101, 1103 (9th Cir. 2007). The district court correctly concluded that the arbitrator did not engage in misconduct, and that even if he did, the Burton Group did not establish that the alleged misconduct prejudiced them. *See* 9 U.S.C. § 10(a)(3). Finally, the district court correctly concluded that the arbitrator did not exceed his powers, and that the arbitration award did not reflect a manifest disregard for law. *See id.* § 10(a)(4); *Johnson v. Wells Fargo Home Mortg., Inc.*, 635 F.3d 401, 414 (9th Cir. 2011). Accordingly, the district court properly confirmed the arbitration award and denied the Burton Group's motion to vacate.

**AFFIRMED.**